UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NATIONSTAR MORTGAGE LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Plaintiffs,

v.

RESIDENTIAL LAND CORPORATION OF NEVADA; LVDG LLC SERIES 107; THE MEADOWS HOMEOWNERS ASSOCIATION,

Defendants.

Case No. 3:17-cv-00324-LRH-WGC

ORDER

Plaintiffs Nationstar Mortgage LLC ("Nationstar") and Federal National Mortgage Association ("Fannie Mae") move this court for summary judgment pursuant to the Federal Foreclosure Bar, 12 U.S.C. 4617(j)(3). ECF No. 31. Defendants Residential Land Corporation of Nevada ("RLCON") and LVDG LLC Series 107 ("LVDG") opposed the motion (ECF No. 39) to which plaintiffs replied (ECF No. 40). Under the federal foreclosure bar and *Berezovsky v. Moniz*, Fannie Mae's interest in the at-issue property cannot be extinguished by a nonjudicial foreclosure without the consent of the Federal Housing Finance Agency ("FHFA" or "the Agency"). 869 F.3d 923, 930-31 (9th Cir. 2017). Because no consent was given, the court now grants plaintiffs' motion for summary judgment.

///

///

1

## I. BACKGROUND

This matter arises from a nonjudicial foreclosure sale on real property located at 1207 Tule Drive, Reno Nevada, 89511 ("the property"), conducted under Nevada Revised Statute ("NRS") § 116.3116 *et. seq.* ECF Nos. 32-5; 39-6.[1] Jose D. Gomez and Betty V. Gomez ("borrowers") acquired title to and ownership of the property through a Grant, Bargain and Sale Deed, recorded in the Washoe County Recorder's Office on February 19, 2003. ECF No. 1 ¶ 22. On May 3, 2004, the borrowers obtained a loan and executed a deed of trust securing repayment, designating Wells Fargo Home Mortgage, Inc.[2] as the lender and beneficiary and United Title of Nevada as Trustee, in the amount of $339,150.00. *Id.* ¶¶ 24-25; ECF Nos. 32-3; 39-1. The deed of trust was recorded in the Washoe County Recorder's Office on May 7, 2004. ECF No. 1 ¶ 26; ECF Nos. 32-3; 39-1. The property sits in Meadows Homeowners Association ("the HOA") and is therefore subject to HOA assessments. ECF No. 39 at 3. Plaintiffs alleged and argue that Fannie Mae acquired ownership of the loan on May 19, 2004, and retained Wells Fargo to act as servicer of the loan. ECF No. 1 ¶¶ 29, 32; ECF Nos. 31; 32-4 ¶4.

After the borrowers failed to pay the HOA assessments that came due, the HOA, through its agent, recorded a Notice of Delinquent Assessment (Lien) against the property on July 5, 2011. ECF No. 1 ¶ 41; ECF Nos. 32-8; 39-2. On September 23, 2011, the HOA recorded a Notice of Default and Election to Sell Under Homeowners Association Lien. ECF No. 32-9; 39-3.

Approximately one and a half years later, on February 27, 2013, Wells Fargo recorded a Notice of Breach and Default and of Election to Cause Sale of Real Property under Deed of Trust in the Washoe County Recorder's Office on the May 5, 2004 deed of trust. ECF No. 39-4. Along with this Notice, Amalia Nix, the Vice President of Loan Documentation for Wells Fargo, submitted an Affidavit of Authority in Support of Notice of Default and Election to Sell. *Id.* This

---

[1] The court takes judicial notice of the publicly-recorded documents attached and cited in the parties' motions. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (stating matters of public record may be judicially noticed unless the matter is a fact in reasonable dispute)).

[2] Wells Fargo is the successor by merger to Wells Fargo Home Mortgage, Inc. ECF No. 1 ¶¶ 11; 31.

affidavit provided that Wells Fargo was the current holder, beneficiary, and servicer of the loan. *Id.* This affidavit also provided that Fannie Mae was a prior beneficiary; however, the field pertaining to date reads "Not Applicable." *Id.*

The HOA then recorded a Notice of Trustee's Sale on March 13, 2013. ECF Nos. 32-10; 39-5. At the nonjudicial foreclosure sale held on April 4, 2013, LVDG purchased the property for $17,500; a Trustee's Deed Upon Sale was then recorded on May 2, 2013. ECF Nos. 32-5; 39-6. The property was subsequently conveyed to RLCON by Quitclaim Deed, recorded March 7, 2014. ECF Nos. 32-11; 39-7. Wells Fargo and Freddie Mac argue that at no time did the FHFA consent to this foreclosure.[3] ECF No. 1 ¶ 47; ECF No. 31 at 8.

Wells Fargo initiated this matter on May 22, 2017, asserting eight causes of action[4] and seeking declaratory relief and quiet title. ECF No. 1. On October 23, 2017, Wells Fargo assigned the Deed of Trust to Nationstar, and it was recorded in the Washoe County Recorder's Office. ECF Nos. 32-12; 39-8. Per stipulation, on February 26, 2018, Nationstar was substituted for Wells Fargo and the caption for this action was amended. ECF No. 24. Also per stipulation, on April 3, 2018, the HOA was dismissed without prejudice. ECF No. 26.

The instant motion, filed on September 20, 2018, by Nationstar and Fannie Mae, moves this court for summary judgment based on the federal foreclosure bar. ECF No. 31. RLCON and LVDG opposed the motion (ECF No. 39) and plaintiffs replied (ECF No. 40). The court's order as to the pending dispositive motion now follows.

///

///

---

[3] The court takes judicial notice that the FHFA has a policy not to consent to the extinguishment of the property of the Enterprises, as cited on their web site. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities . . ., and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein."); *Statement on HOA Super-Priority Lien Foreclosures*, FEDERAL HOUSING FINANCE AGENCY (April 21, 2015), https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx.

[4] Plaintiffs assert declaratory relief and quiet title under 12 U.S.C. § 4617(j)(3); declaratory relief and quiet title under the U.S. Constitution; wrongful foreclosure; violation of NRS § 116.1113 *et seq.*; and unjust enrichment. ECF No. 1.

## II. LEGAL STANDARD

**Motion for Summary Judgment Pursuant to Federal Civil Procedure Rule 56**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

## III. DISCUSSION

### A. Because the Agency did not consent to the HOA's foreclosure, the sale did not extinguish Fannie Mae's interest; therefore, RLCON's property interest is subject to the deed of trust.

Wells Fargo and Fannie Mae motion this court for summary judgment on their quiet title claim and request the court declare that (1) "the federal foreclosure bar, 12 U.S.C. § 4617(j)(3), preempts any Nevada law that otherwise would permit a foreclosure of an HOA lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship;" (2) "the HOA foreclosure sale did not extinguish Fannie Mae's interest in the property, and thus [RLCON] does not have an interest free and clear of the Deed of Trust;" and (3) "Plaintiffs' request for quiet title is granted insofar as any interest of [RLCON] in the property is subject to Fannie Mae's deed of trust." ECF No. 31 at 19.

When Fannie Mae was placed into the conservatorship of the FHFA in 2008,[5] the Agency acquired Fannie Mae's "rights, titles, powers, and privileges . . . with respect to [its] assets." 12 U.S.C. § 4617(b)(2)(A)(i). Under this provision, "[n]o property of the Agency shall be subject to . . . foreclosure . . . without the consent of the Agency . . . ." *Id.* § 4617(j)(3).

In *Berezovsky v. Moniz*, the Ninth Circuit held in 2017 that the federal foreclosure bar "unequivocally expresses Congress's 'clear and manifest' intent to supersede any contrary law, including state law, that would allow foreclosure of Agency property without its consent." 869 F.3d at 930-31. The Court thus held that the federal foreclosure bar preempts Nevada laws that allow nonjudicial foreclosures to extinguish the Agency's property interest without consent. *Id.* at 931; *see also Federal National Mortgage Association v. Kree, LLC*, Case No. 3:17-cv-00730-LRH-WGC, 2018 WL 2697406, at *3 (D. Nev. June 5, 2018) (slip copy). While the Ninth Circuit's decision is binding on this court, the Nevada Supreme Court has also recently issued a decision that comports with *Berezovsky*. In *Saticoy Bay LLC Series 9641 Christine View v.*

---

[5] The court takes judicial notice that Fannie Mae was placed under the Agency's conservatorship in 2008 and remains there today. *See Summit Real Estate Grp., Inc. v. Fed. Home Loan Mortgage Corp.*, Case No. 2:15-cv-00760-KJD-GWF, 2019 WL 918980, at *1 (D. Nev. Feb. 25, 2019) ("[T]he Act created the Federal Housing Agency (FHFA) and vested the agency with authority to place Freddie Mac and Fannie Mae into conservatorship."); *Berezovsky*, 869 F.3d at 926 ("Freddie Mac is under Agency conservatorship, meaning the Agency temporarily owns and controls Freddie Mac's assets.").

*Federal National Mortgage Association*, the Court held that the federal foreclosure bar implicitly preempts Nevada's nonjudicial foreclosure statutes that allow a foreclosure sale to extinguish the Agency's assets without their consent. 417 P.3d 363 (Nev. 2018). Therefore, the court agrees with the precedent and declares that the federal foreclosure bar preempts Nevada law that allows a foreclosure on a superpriority lien to extinguish a property interest held by Fannie Mae without the Agency's consent.

Defendants make several arguments in opposition to plaintiffs' motion. First, defendants argue that the federal foreclosure bar should not be applied because plaintiffs have failed to provide sufficient evidence that Fannie Mae owned the deed of trust at the time of the HOA foreclosure sale.[6] The court does not agree: the type of evidence introduced here supports that Fannie Mae held an interest in the property at the time of the HOA foreclosure sale.

As the Ninth Circuit found in *Berezovsky*, Freddie Mac's database printouts were admissible as business records. *See* 869 F.3d at 932 n.8 (citing *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009)); *Williston Investment Group, LLC v. JP Morgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018) ("[W]e held that similar evidence was sufficient in *Berezovsky*, 869 F.3d at 926, 932 & n.8."). Here, Fannie Mae's database printouts show that the loan's "funding date" was May 7, 2004, and the "purchase date" was May 19, 2004, almost nine years prior to the HOA's foreclosure sale. ECF No. 32-4, Ex. A. Additionally, the List of Transactions shows—as explained by Graham Babin, Assistant Vice President for Fannie Mae—that Wells Fargo, as servicer, reported on the loan periodically, and that Fannie Mae would not have this information if Fannie Mae did not own the loan. ECF No. 32-4 ¶ 7, Ex. A. Babin also explained that if Fannie Mae no longer owned the loan, that action too would have been reflected in the printout, which it was not. *Id.*

Defendants argue that not only are these statements self-serving and were provided late in discovery, they contradict Wells Fargo's prior affidavit which provided Fannie Mae was a prior

---

[6] The precedent cited by defendants in support of this argument—*My Home Now, LLC v. Bank of America, N.A.*, Case No. 2:14-cv-01957-RFB-CWH, (D. Nev.) and *John R. Kielty v. Federal Home Loan Mortgage Corporation*, Case No. 2:15-CV-00230-RCJ-GWF, 2016 WL 1030054 (D. Nev. March 9, 2016)—is not binding on this court.

6

beneficiary. *See* ECF No. 39-4. However, the affidavit does not contradict Fannie Mae: rather, the affidavit specifically refers to prior beneficiaries of the loan, not owners of the loan *See Thomas v. BAC Home Loans Servicing, LP*, 373 P.3d 967, 2011 WL 6743044, at *3 n.9 (Nev. Dec. 20, 2011) (unpublished) (Under Nevada law, "the status of holder merely pertains to one who may enforce the debt and is a separate concept from that of ownership."). Therefore, defendants have failed to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). These business records, read in conjunction with Babin's declaration, is sufficient evidence to show Fannie Mae owned the loan at the time of the foreclosure sale. *See Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426, 428 (9th Cir. 2017) ("Because Elmer did not come forward with specific facts showing that there is a genuine issue for trial, summary judgment was proper." (internal quotations and citations omitted)).

Next, defendants argue that the foreclosure bar should not apply because Fannie Mae did not hold an enforceable property interest as its ownership interest was not recorded. This argument too fails.

> Nevada law requires recording of a lien for it to be enforceable, but [it] does not mandate that the recorded instrument identify the note owner by name. If the named beneficiary under the recorded deed of trust is someone other than the note owner, the recordation separates 'the note and the security deed [and] creates a question of what entity would have authority to foreclose, but does not render either instrument void.'

*Berezovsky*, 869 F.3d at 932 (quoting *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 259 (Nev. 2012) (internal citation omitted)). Following the Restatement Third of Property, "where the note is 'split' from the deed of trust—an 'agency relationship' with the recorded beneficiary preserves the note owner's power to enforce its interest under the security instrument, because the note owner can direct the beneficiary to foreclose on its behalf." *Id.* Therefore, "a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent." *Id.*

Here, the recorded deed of trust does not list Fannie Mae as owner, but only Wells Fargo as the lender and beneficiary. *See* ECF Nos. 32-3; 39-1. However, the excerpts from the Fannie

Mae Single-Family Selling and Servicing Guides[7] defines the agency relationship between Fannie Mae and its servicer. *See* ECF Nos. 32-4.[8] Following *Berezovsky*, the court finds that Wells Fargo was an agent for Fannie Mae with respect to the borrower's loan; therefore, Fannie Mae has a valid and enforceable property interest. *See Berezovsky*, 869 F.3d at 933.

Next, defendants argue that Fannie Mae's property interest is unenforceable because under Nevada law, Fannie Mae was required to record its interest. Defendants cite to NRS § 106.210, which they argue requires "[a]ny assignment of the beneficial interest under a deed of trust *must* be recorded . . ." (emphasis added). However, the Nevada Supreme Court's recent rulings on this issue are instructive. *See OneWest Bank FSB v. Holm Int'l Props., LLC*, 432 P.3d 741, 2018 WL 6817052 (Nev. Dec. 20, 2018) (unpublished); *SFR Invs. Pool 1, LLC v. Green Tree Servicing, LLC*, 432 P.3d 718, 2018 WL 6721370 (Nev. Dec. 17, 2018) (unpublished). In *OneWest*, the Court determined that because Fannie Mae purchased the loan before the statute was amended in 2011, the prior version of NRS § 106.210 applied. *OneWest*, 2018 WL 6817052, at *1. As the Court provided, the earlier version of the statute stated, "'any assignment of the beneficial interest under a deed of trust *may be recorded*,' and does not prevent an assignee from enforcing its interest if it chose not to record the assignment." *Id.* (quoting NRS § 106.210(1) (1965)) (emphasis added by the Court). The Court therefore concluded that "Fannie Mae's failure to record its ownership interest has no bearing on this case." *Id.* Similarly, Fannie Mae purchased this loan in 2004, so the earlier version of the statute will apply and Fannie Mae's failure to record its ownership interest has no bearing on this case.

Next, defendants argue that Fannie Mae gave consent to the foreclosure through its own governing documents which warned entities servicing its loans that an HOA lien "would have

---

[7] The court takes judicial notice of the Guide pursuant to Federal Rules of Evidence 201 (b), (d). *See Berezovsky*, 869 F.3d at 932 n.2.

[8] The Ninth Circuit cited Sections of Freddie Mac's Single-Family Seller/Servicer Guide to support a ruling that the Bank and Freddie Mac had the requisite agency relationship as defined in *In re Montierth*, 354 P.3d 648 (Nev. 2015). *See Berezovsky*, 869 F.3d at 933. Likewise, this District has found that Fannie Mae's Guide also illustrates the "the mechanics of this principle-agent relationship" between Fannie Mae and its loan servicers. *Bank of Am., N.A. v. Pueblo at Santa Fe Condo. Ass'n Inc.*, Case No. 2:16-cv-01199-GMN-CWH, 2019 WL 1338385, at *4 (D. Nev. March 25, 2019).

1 lien priority over the mortgage lien." However, the Ninth Circuit has made clear that there is no implicit consent to the foreclosure through inaction:

> The Federal Foreclosure Bar does not require the Agency to actively resist foreclosure. *See* 12 U.S.C. § 4617(j)(3) (flatly providing that "[n]o property of the Agency shall be subject to . . . foreclosure, or sale without the consent of the Agency."). Rather the statutory language cloaks Agency property with Congressional protection unless or until the Agency affirmatively relinquishes it.

*Berezovsky*, 869 F.3d at 929. Here, defendants concede that the Agency has not affirmatively consented to the foreclosure and therefore, the federal foreclosure bar is applicable.

Finally, defendants argue that because LVDG was a bona fide purchaser of the property, the federal foreclosure bar does not apply. However, this District has held that Nevada's bona fide purchaser statute is preempted by the federal foreclosure bar. *See JPMorgan Chase Bank v. GDS Fin. Servs.*, Case No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018) ("*JPMorgan*"); *U.S. Bank Home Mortgage v. Jensen*, Case No. 3:17-cv-00603-MMD-VPC, 2018 WL 3078753, at *2, 5 (D. Nev. June 20, 2018) (slip opinion). Under Nevada law, a bona fide purchaser has priority if they have no notice. However, even if LVDG was a bona fide purchaser, "[a]llowing Nevada's law on bona fide purchasers to control in this case would be 'an obstacle to Congress' clear and manifest goal of protecting the Agency's assets in the face of multiple threats, including threats arising from state foreclosure law.'" *JPMorgan*, 2018 WL 2023123, at *3 (quoting *Berezovsky*, 869 F.3d at 931).

For these many reasons, the court declares that the HOA foreclosure sale did not extinguish Fannie Mae's property interest. The court grants plaintiffs quiet title and finds that RLCON's property interest is subject to Fannie Mae's deed of trust.

///
///
///
///
///
///
///

9

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Nationstar's and Fannie Mae's motion for summary judgment (ECF No. 31) is **GRANTED.**

IT IS FURTHER ORDERED that the Clerk of Court enter judgment in favor of plaintiffs and close this case.

IT IS SO ORDERED.

DATED this 28th day of May, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE